## Reddy Cab Co. v. Harris.

### (Decided Jan. 28, 1936.)

662

WOODWARD, DAWSON & HOBSON and WILBUR FIELDS for appellant.

C. J. WILSON and D. A. McCANDLESS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, J. B. Harris, recovered a judgment for $750 against the Reddy Cab Company, for personal injuries and property damages sustained by him in an accident at the intersection of Third street and Southern Parkway, in Louisville, Ky.

Southern Parkway is a boulevard, and there are mushroom stops at Southern Parkway on Third street for traffic moving on Third street. Harris, an employee of the United States Weather Bureau and route manager for the Courier-Journal and Louisville Times, was driving his automobile northwardly on Southern Parkway about 5:30 o'clock on Sunday morning, March 4, 1934, when his automobile was struck by a taxicab of the appellant, driven by Jewell Fields, one of its employees. The taxicab was being driven eastwardly on Third street. The appellee, three eyewitnesses of the accident, and Jewell Fields, the driver of the taxicab, testified that the taxicab, which was traveling at a speed of approxmately thirty-five miles an hour, failed to stop when it reached the intersection, but crossed Southern Parkway and struck the left side of appellee's automobile, at a point on the eastern side of Southern Parkway and on the left side of Third street in the direction in which the taxicab was traveling. In other words, the taxicab which entered Southern Parkway on the right-hand side of Third street, in the direction in which it was traveling, crossed Southern Parkway diagonally to the left, and struck appellee's car on the left-hand side of Third street. The driver of the taxicab explained this by saying that he applied the brakes as he entered Southern Parkway, and that they were defective, which caused the

taxicab to swerve to the left and strike appellee's automobile. Appellee's automobile was overturned by the impact, and, according to all of the testimony, was practically demolished. According to one of the witnesses, it was knocked a distance of 32 feet. There is no dispute in the evidence as to how the accident occurred.

The principal ground relied upon by appellant for reversal of the judgment is the alleged error of the trial court in overruling the written exceptions to the deposition of Geoge Hikes, who was a passenger in the taxicab when the accident occurred. The petition was filed on May 17, 1934, and summons was issued on that day, but was not served on defendant until May 21, 1934. The deposition of George Hikes was taken on May 18, the day after the suit was filed, but before the service of summons. The certificate of the notary public, before whom the deposition was taken, shows that for the plaintiff Mr. C. J. Wilson, his attorney, kas present, and for the defendant Mr. Richard Thomas was present. The record discloses that Mr. Richard Thomas was not an attorney, and had not been employed to represent the defendant in any capacity. W. Marion Thomas, a brother of Richard Thomas, is an attorney, and it appears that he represented appellant's insurance carrier. Some time after the suit was filed, he withdrew from the case because he was related by marriage to the plaintiff, and he advised the insurance carrier to procure another attorney. The deposition of Hikes was filed with the papers in the case, but no exceptions to it were filed until February, 1935, about nine months later.

It is conceded that the exceptions were not filed in time, if subsection 1 of section 587 of the Civil Code of Practice applies, which reads:

"No exception, other than to the competency of the witness, or to the relevancy or competency of the testimony, shall be regarded, unless it be filed and noted on the record before the commencement of the trial and before or during the first term of the court after the filing of the deposition."

Appellant contends, however, that section 587 of the Civil Code of Practice is not applicable to Hikes' statement because, (1) it was not a deposition, and (2)

the plaintiff did not have the right to take the deposition, without the consent of the defendant, before summons in the action was served. It is contended that Hikes' statement was no more than a mere affidavit, since it was not taken on notice to the defendant. Be that as it may, and conceding, without deciding, that the exception should have been sustained, we conclude that its introduction was not prejudicial. Hikes' testimony was merely cumulative. He testified only as to how the accident occurred, and his testimony is substantially the same as that of the appellee, Jewell Fields, the driver of the taxicab, and two other disinterested eyewitnesses. There was considerable proof as to the nature of appellee's injuries, and the evidence on this matter was conflicting, but Hikes did not testify on this point.

It is suggested that the verdict is excessive, since the damages to appellee's automobile amounted to only $153, and he did not suffer any serious personal injuries. The Phœnix Garage, of Louisville, estimated the cost of repairs on appellee's automobile at $153. There was evidence, however, that the automobile was worth $400 or $500 immediately before the accident, and that after the accident it was practically worthless, and was sold to a junk dealer for $35 by the dealer to whom it was traded. The appellee was treated for his injuries at his home on the day of the accident by Dr. Everett H. Baker, and again on the following day, and he later made three visits to the physician's office. The physician treated him for a sprain of his right wrist, cuts on his right leg, and contusions on his forehead and left chest. There was some evidence tending to show that several months after the accident he was in a nervous condition, and suffering severe headaches resulting from injuries received in the accident. The determination of the amount of damages was a question for the jury under all the evidence, and it cannot be said, under the circumstances, that its verdict is flagrantly against the evidence in this respect.

Jewell Fields, the driver of the taxicab, did not continue in appellant's employment after the accident. At the trial he was introduced as a witness by the plaintiff. It was developed on cross-examination that he had signed a statement immediately after the ac-

-cident, which was not, in all respects, in accord with his testimony at the trial. After the statement had been read to the jury, he was asked if he had made it, and he answered: "No. The insurance man made it and I signed it." The court overruled the defendant's motion to discharge the jury, and it is urged that this ruling was erroneous. The witness apparently was hostile to the defendant. His statement concerning the insurance man was undoubtedly made maliciously, and it bears the earmarks of premeditation and prearrangement. However, further examination of the witness disclosed that the statement concerning the accident, which he signed, was made to Mr. Kaiser, an employee of the Reddy Cab Company, and not to an insurance agent. We conclude, therefore, that the poison which the witness evidently intended to inject into the case was removed, and the statement could not have had a prejudicial effect.

During the trial, a map representing the intersection where the accident occurred, prepared by Elmer Walton, a draftsman in the city engineer's office, was used by the plaintiff. He did not prove that the map was an accurate representation of the intersection, and, at the conclusion of all the testimony, the defendant moved to exclude all evidence in relation to the map. Thereupon the court permitted the plaintiff to introduce Elmer Walton, who testified that he prepared the map and that it represented the intersection in question. It is insisted that this was error, but it was a matter within the discretion of the trial judge, and, under the circumstances, his ruling was not an abuse of that discretion.

The judgment is affirmed.